FILED
5/28/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19-CR-917 |
| v. | |
| VORTEX COMMERCIAL FLOORING, INC. | Judge Andrea R. Wood |

## PLEA AGREEMENT

1. This Plea Agreement between the UNITED STATES OF AMERICA and the defendant, VORTEX COMMERCIAL FLOORING, INC., a corporation organized and existing under the laws of Illinois, is made pursuant to Rule 11 of Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C), as more fully set forth below. The parties to this Plea Agreement have agreed upon the following:

## Charge in This Case

2. The Superseding Information in this case charges the defendant with entering into and engaging in a combination and conspiracy with other companies and individuals to suppress and eliminate competition by agreeing to rig bids and fix prices of commercial flooring services and products sold in the United States beginning at least as early as 2009, and continuing through at least June 22, 2017, in the Northern District of Illinois and elsewhere, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

## Rights of Defendant

3. The defendant understands its rights:

1

a. to be represented by an attorney;

b. to be charged by Indictment;

c. to plead not guilty to any criminal charge brought against it;

d. to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

e. to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

f. to appeal its conviction if it is found guilty; and

g. to appeal the imposition of sentence against it.

**Agreement to Plead Guilty and Waive Certain Rights**

4. The defendant knowingly and voluntarily waives:

a. the rights set out in subparagraphs 3(b)-(e) above;

b. the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

c. the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the Recommended 11(c)(1)(C) Sentence (as defined in Paragraph 12 of this Plea Agreement), regardless of how the sentence is determined by the Court. For purposes of the waiver of appeal or collateral attack of the sentence, the sentence imposed is deemed consistent with or

2

below the Recommended 11(c)(1)(C) Sentence in Paragraph 12, even if the sentence imposed includes a term of probation, if it is otherwise consistent with or below the Recommended 11(c)(1)(C) Sentence in Paragraph 12, unless the term of probation exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §§ 3742(b) and (c).

d.      Nothing in this Paragraph 4 however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

e.      Pursuant to Federal Rule of Criminal Procedure 7(b), the defendant will waive indictment and plead guilty to a one-count Superseding Information to be filed in the United States District Court for the Northern District of Illinois.

5.      The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Federal Rule of Criminal Procedure 11, as set forth in Paragraph 6 below.

**Factual Basis for Offense Charged**

6.      The defendant will plead guilty because it is in fact guilty of the charge in Paragraph 2 above. In pleading guilty, the defendant admits the following facts

and that those facts establish its guilt beyond a reasonable doubt to the charge contained in the Superseding Information:

a. For purposes of this Plea Agreement, the "Relevant Period" is that period beginning at least as early as 2009, and continuing through at least June 22, 2017. For the purposes of this Plea Agreement, the "Defendant's Personnel" includes all directors, officers, or employees whom the defendant so employed, or who held those positions with the defendant, as of May 7, 2019.

b. During the Relevant Period, the defendant was a corporation organized and existing under the laws of Illinois, with its principal place of business in this District. During the Relevant Period, the defendant was a provider of commercial flooring services and products in the United States, and employed 50 or more individuals. Providers of commercial flooring services and products remove any preexisting flooring products at the job site, prepare the floor surface for installation, and install new flooring materials, including but not limited to carpet, wood, vinyl, tile, and laminate flooring products.

c. During the Relevant Period, the following six companies, Company A; Company C; PCI Flortech, Inc.; Company E; Company G; and Company H were corporations organized and existing under the laws of Illinois with principal places of business located in this District, and were providers of commercial flooring services and products in the United States.

d. During the Relevant Period, the defendant, through the Defendant's Personnel, including its president, Delmar E. Church, Jr.; and its

4

executive vice presidents, Robert A. Patrey, Jr. and Kenneth R. Smith, participated in a conspiracy with other companies and individuals engaged in the sale of commercial flooring services and products, including Company A; Michael P. Gannon, the Vice President of Sales for Company A; Company C; PCI Flortech, Inc.; Company E; Company G; and Company H; one purpose of which was to suppress and/or eliminate competition by agreeing to rig bids and/or fix prices of commercial flooring services and products sold in the United States. In furtherance of the conspiracy, the defendant, through the Defendant's Personnel, attended meetings, and/or participated in conversations and/or other communication with representatives of other companies that provide commercial flooring services and products in order to discuss methods for rigging bids and/or fixing the prices of commercial flooring services and products. During these meetings, conversations, and/or other communications, through the Defendant's Personnel, the defendant and its co-conspirators agreed to rig bids and/or fix the prices of commercial flooring services and products to be sold in the United States. The defendant and its co-conspirators exchanged pricing-related information to enable co-conspirator companies to submit complementary bids for commercial flooring services and products to potential customers, so that the agreed-upon co-conspirator would win the business.

       e.     During the Relevant Period, in some instances, co-conspirators, including employees of general contractors, construction management companies, end users, and/or architectural firms, explicitly requested complementary bids from defendant, which the defendant understood were made without the authorization of

or approval from the end user. In other instances, employees of general contractors, construction management companies, end users, and/or architectural firms, made statements to the defendant about the need for additional bids, which the defendant understood to be tacit requests to obtain complementary bids.

   f.   During the Relevant Period, the defendant's sales of commercial flooring services and products to customers in the United States affected by the violation of 15 U.S.C. § 1 totaled at least $9.41 million.

   g.   During the Relevant Period, the defendant and its co-conspirators sold commercial flooring services and products in the United States in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and documents necessary for the sale and provision of such services and products by the defendant and its corporate co-conspirators, as well as payments and solicitations for those services and products, traveled in interstate commerce. The business activities of the defendant and its co-conspirators in connection with the sale and provision of commercial flooring services and products that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

   h.   Acts in furtherance of this conspiracy were carried out within the Northern District of Illinois and elsewhere. Commercial flooring services and products that were the subject of this conspiracy were sold by one or more of the conspirators to customers in this District and elsewhere.

   i.   On or about June 23, 2017, one of the defendant's senior executives, upon learning of the government's ongoing investigation, destroyed

documents material to the investigation, namely, paper files containing communications the senior executive had regarding, and other documents evincing, complementary bids between the defendant and another co-conspirator.

## Elements of the Offense

7.     The elements of the charged offense are that:

a.     the conspiracy described in the Superseding Information existed at or about the time alleged;

b.     the defendant knowingly became a member of the conspiracy; and

**c.**     the conspiracy described in the Superseding Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## Maximum Statutory Penalties

8.     The defendant understands that the charge to which it is pleading guilty carries a fine in an amount equal to the greatest of:

a.     $100 million, pursuant to 15 U.S.C. § 1; or

b.     twice the gross pecuniary gain the conspirators derived from the offense, or twice the gross pecuniary loss resulting from the offense, whichever is greatest, pursuant to 15 U.S.C. § 1 and 18 U.S.C. § 3571(b) and (d).

9.     In addition, the defendant understands that:

a.     Pursuant to U.S.S.G. § 8D1.2(a)(1) or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

7

b.     Pursuant to U.S.S.G. § 8B1.1 or 18 U.S.C. § 3563(b)(2), the Court may order it to pay restitution to the victims of the offense; and

c.     Pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

### Sentencing Guidelines

10.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree that there is no *ex post facto* issue under the November 2018 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

11.     Pursuant to U.S.S.G. § 1B1.8, and consistent with the first sentence of Paragraph 22 of this Plea Agreement, the United States agrees that self-incriminating information that the defendant or the Defendant's Personnel provide

8

to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

**Sentencing Agreement**

12. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, the United States and the defendant agree as follows:

a. The parties agree that the appropriate disposition of this case is, and agree to recommend jointly, that the Court impose a sentence requiring the defendant to pay to the United States a criminal fine of $2,000,000 ("Criminal Fine"), subject to the offsets detailed in Paragraphs 12(a)(i)-(iii), including restitution pursuant to 18 U.S.C. § 3663(a)(3), all payable in installments without interest pursuant to 18 U.S.C. § 3612(f)(3)(A), as set forth below (the "Recommended 11(c)(1)(C) Sentence").

i. Pursuant to 18 U.S.C. § 3663(a)(3), and in order to compensate the victims, the United States and the defendant agree that the defendant will pay restitution in the amount of $941,000 (the "Required Restitution Amount"). The defendant must pay the Required Restitution Amount as soon as practicable after acceptance of this Plea Agreement by the United States District Court for the Northern District of Illinois. The defendant agrees that in these circumstances, the Required Restitution Amount represents appropriate restitution

9

owed and payable to the victims of the defendant's conduct arising from the installation or sale of commercial flooring services and products that were affected by the charged offense. The defendant further agrees that the Required Restitution Amount will be disbursed to victims upon terms as agreed upon by the defendant and each victim. The payment of the Required Restitution Amount is final and no portion of the Required Restitution Amount shall be refunded to the defendant.

ii. The United States and the defendant agree that the defendant shall pay to the United States Treasury $500,000.00 within 15 days of the entry of judgment in this matter (the "Initial Fine Payment"). The Initial Fine Payment reflects the gross criminal fine, namely $610,410.66, less an expected offset of $110,410.66, calculated for fines paid by owners of closely held organizations pursuant to U.S.S.G. § 8C3.4. The payment of the Initial Fine Payment to the United States Treasury is final and no portion of the Initial Fine Payment shall be refunded to the defendant.

iii. The United States and the defendant agree that the defendant shall pay, as the final disposition of this criminal matter, any Liquid Assets (as that term is defined in Attachment A to this Plea Agreement) remaining at the conclusion of the Federal Proceeding (as that term is defined in Paragraph 20 of this Plea Agreement) to the United States Treasury in satisfaction of the Criminal Fine. The parties expressly agree that the defendant must first make payment of the (a) Required Restitution Amount; (b) the Initial Fine Payment; and (c) Reasonable Legal Fees (as defined in Attachment A to this Plea Agreement), before the defendant

makes any further payments, if any, towards the final satisfaction of the Criminal Fine. The parties agree that the Required Restitution Amount and the Reasonable Legal Fees are not part of the Criminal Fine, but are offsets as set forth in this Paragraph 12(a).

b. The parties agree that there exists no aggravating or mitigating circumstance of any kind, or to any degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0.

c. The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

d. The parties further agree that the Recommended 11(c)(1)(C) Sentence set forth in this Plea Agreement is reasonable.

13. The parties agree that if, at the time of sentencing, the defendant has paid in full the Required Restitution Amount, no term of probation is necessary as part of the judgment, and the parties will recommend that no term of probation be imposed. The United States agrees that if, at the time of sentencing, the defendant has not paid in full the Required Restitution Amount but restrictions are not necessary to safeguard the defendant's ability to pay the balance of the Required Restitution Amount, it will recommend that no term of probation be imposed. The defendant understands that the Court's denial of any recommendation made pursuant to this Paragraph 13 will not void this Plea Agreement.

14.     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 18, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and at the time of sentencing impose sentence based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2).  The Court's denial of this request will not void this Plea Agreement.

### Offense Level Calculations

15.     The United States and the defendant agree and recommend that, in determining the Guidelines Fine Range for a corporate defendant in violation of 15 U.S.C. § 1, the Court should apply the Chapter 8 – Sentencing of Organizations guidelines and the applicable offense guidelines, U.S.S.G. § 2R1.1 – Antitrust Offenses, as follows:

a.     The base fine is $1,882,000, 20% of the affected volume of commerce of $9,410,000, pursuant to U.S.S.G. §§ 8C2.4(b) and 2R1.1(d)(1) & (3).

b.     The defendant's Culpability Score is 9 and is determined pursuant to U.S.S.G. § 8C2.5, as follows:

| | | |
|---|---|---|
| Base Culpability Score: | 5 | § 8C2.5(a) |
| More than 50 employees and participation of personnel with substantial authority | +2 | § 8C2.5(b)(4) |
| Obstruction of justice | +3 | § 8C2.5(e) |
| Acceptance of responsibility | -1 | § 8C2.5(g)(2) |

c.    Based on a Culpability Score of 9, the minimum and maximum multipliers are 1.80–3.60, pursuant to U.S.S.G. § 8C2.6.

d.    The Guidelines Fine Range is $3,387,600 to $6,775,200, pursuant to U.S.S.G. § 8C2.7.

16.    The United States and the defendant agree that the applicable Guidelines fine range exceeds the Criminal Fine contained in the Recommended 11(c)(1)(C) Sentence set out in Paragraph 12 above. The United States and the defendant further agree that the Criminal Fine is appropriate pursuant to U.S.S.G. § 8C3.3(a) due to the inability of the defendant to pay a fine greater than that set forth in the Recommended 11(c)(1)(C) Sentence without impairing its ability to make restitution to victims. The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

17.    Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range in this case and will request that the Court impose the Criminal Fine

contained in the Recommended 11(c)(1)(C) Sentence (including offsets) as set out in Paragraph 12 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the commercial flooring industry.

18. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office (as applicable) of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

19. This Plea Agreement will be governed by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall be the Recommended 11(c)(1)(C) Sentence provided for in Paragraph 12 of this Plea Agreement. The United States and the defendant understand that the Court retains complete discretion to accept or reject this Plea Agreement. If the Court accepts this Plea Agreement and imposes the Recommended 11(c)(1)(C) Sentence, the defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e).

a. If the Court does not impose the Recommended 11(c)(1)(C) Sentence, thereby rejecting this Plea Agreement, the United States and the defendant agree that this Plea Agreement, except for subparagraph 19(b) below, will be rendered void.

14

b.      If the Court does not impose the Recommended 11(c)(1)(C) Sentence, thereby rejecting this Plea Agreement, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)(2)(A)).  If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Federal Rule of Criminal Procedure 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 22 of this Plea Agreement that is not time barred on that date of signing this Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the defendant withdrew its guilty plea or for a period of 60 days after the date of signature of this Plea Agreement, whichever period is greater.

### Defendant's Cooperation

20.    The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of commercial flooring services and products in the Northern District of Illinois and elsewhere, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding").  Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation,

15

or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include but not be limited to:

a. producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege, the work-product doctrine, or other applicable privileges, in the possession, custody, or control of the defendant that are requested by the United States in connection with any Federal Proceeding; and

b. using its best efforts to secure the full, truthful, and continuing cooperation of the Defendant's Personnel (but excluding Delmar E. Church, Jr.; Robert A. Patrey, Jr.; and Kenneth R. Smith; who have entered separate plea agreements with the United States), as may be requested by the United States. Such efforts will include, but not be limited to, making the Defendant's Personnel available at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

21. The full, truthful, and continuing cooperation of the Defendant's Personnel will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

a. producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client

privilege, the work-product doctrine, or other applicable privileges, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

     b.     making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

     c.     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq.*; or conspiracy to commit such offenses;

     d.     otherwise voluntarily providing the United States with any material or information not requested in (a)–(c) of this Paragraph 21 and not protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges, that he or she may have that is related to any Federal Proceeding;

     e.     when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law enforcement officials to other individuals, with all such activity being

conducted only at the express direction and under the supervision of attorneys and agents of the United States;

f.    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury in violation of 18 U.S.C. § 1621; making a false statement or declaration in grand jury or court proceedings, in violation of 18 U.S.C. § 1623; contempt, in violation of 18 U.S.C. §§ 401–02; and obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq.*;

g.    not committing, participating in, or attempting to commit or participate in any additional antitrust crime in violation of Title 15, United States Code, or any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621, 1622), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice, in violation of 18 U.S.C. §§ 1503 *et seq.*, contempt, in violation of 18 U.S.C. §§ 401, 402, or conspiracy to commit such offenses; and

h.    agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 23(c), the statute of limitations period for any Relevant Offense, as defined in Paragraph 22, that is not time barred as of the date of signing of this Plea Agreement, will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

## Government's Agreement

22.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended 11(c)(1)(C) Sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that (i) was undertaken in furtherance of an attempted or completed antitrust conspiracy involving the sale of commercial flooring services and products in the Northern District of Illinois and elsewhere (the "Relevant Offense"); or (ii) is specified in Paragraph 6(i) of this Plea Agreement.  The nonprosecution terms of this Paragraph 22 do not apply to:

a.     any acts of perjury or subornation of perjury, in violation of 18 U.S.C. §§ 1621–22; making a false statement or declaration, in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq.*; contempt, in violation of 18 U.S.C. §§ 401–02; or conspiracy to commit such offenses, except for the conduct specified in Paragraph 6(i) of this Plea Agreement;

b.     civil matters of any kind;

c.     any violation of the federal tax or securities laws or conspiracy to commit such offenses; or

d.     any crime of violence.

23.     The United States agrees to the following:

a.     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended 11(c)(1)(C) Sentence and subject to the exceptions noted in Paragraph 23(c), the United States agrees that it will not bring criminal charges against any of the Defendant's Personnel for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant that was undertaken in furtherance of the Relevant Offense, except that the protections granted in this Paragraph 23 do not apply to Delmar E. Church, Jr.; Robert A. Patrey, Jr.; and Kenneth R. Smith; who have entered separate plea agreements with the United States;

b.     Should the United States determine that any of the Defendant's Personnel may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

c.     If any person requested to provide cooperation under subparagraph 23(b) fails to comply fully with his or her obligations under Paragraph 20, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any

federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

d.      Except as provided in subparagraph 23(e), information provided by a person described in subparagraph 23(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury, in violation of 18 U.S.C. §§ 1621–22; making a false statement or declaration, in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C. § 1503 *et seq.*; contempt, in violation of 18 U.S.C. §§ 401–02; or conspiracy to commit such offenses;

e.      If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 20 of this Plea Agreement, the agreement in subparagraph 23(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

f.      The nonprosecution terms of this Paragraph 23 do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit such offenses; any crime of violence; perjury or subornation of perjury, in violation of 18 U.S.C. §§ 1621–22; making a false statement or declaration, in violation of 18 U.S.C. §§ 1001, 1623; obstruction of justice, in violation of 18 U.S.C.

21

§ 1503 *et seq.*; contempt, in violation of 18 U.S.C. §§ 401–02; or conspiracy to commit such offenses; and

g.     Documents provided under subparagraphs 20(a) and 21(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

24.    The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take.  However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take.  The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## Representation by Counsel

25.    The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  The defendant acknowledges that counsel and the Court have advised it about the risks and benefits of joint representation, including the potential conflicts of interest that may arise from such joint representation, and that, pursuant to Federal Rule of Criminal Procedure 44, the Court has advised the defendant that it may proceed with separate representation.   Having been so informed, the defendant has agreed to joint representation with the other defendants in this matter.   The defendant has

reviewed all legal and factual aspects of this case with its attorneys and is fully satisfied with its attorneys' legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences. After conferring with its attorneys and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## Voluntary Plea

26. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## Violation of Plea Agreement

27. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 20 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will

23

be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to in Paragraph 22 of this Plea Agreement, the statute of limitations period for such offense that is not time barred as of the date of the signing of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and six months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

28.    The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or the Defendant's Personnel (but excluding Delmar E. Church, Jr.; Robert A. Patrey, Jr.; and Kenneth R. Smith; who have entered separate plea agreements with the United States), to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it.  In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Federal Rule of Evidence 410.

24

## Public Statements by the Defendant

29. The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Superseding Information or Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 27 and 28 of this Plea Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Superseding Information or Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Superseding Information or Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five business days after notification. The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Superseding Information and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Superseding

25

Information or Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant. This paragraph does not affect the obligation of any person who is providing cooperation pursuant to Paragraph 20 of this Plea Agreement to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 20 of this Plea Agreement.

### Entirety of Agreement

30. This Plea Agreement and its Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

31. The undersigned is authorized to enter this Plea Agreement and its Attachment A on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

32. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement and its Attachment A on behalf of the United States.

26

33. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

AGREED THIS DATE: _____ May 4, 2021 _____

Chester Choi
Digitally signed by
Chester Choi
Date: 2021.04.30 12:52:37
-05'00'

CHESTER C. CHOI
  chester.choi@usdoj.gov
ELIZABETH A. HOMAN
  elizabeth.homan@usdoj.gov
MARY MCCARTHY
  mary.mccarthy2@usdoj.gov
JASON C. TURNER
  jason.turner@usdoj.gov
  Trial Attorneys

U.S. Department of Justice
Antitrust Division
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604
+1.312.984.7200

DELMAR E. CHURCH, JR.
Corporate Representative
Vortex Commercial Flooring, Inc., Defendant

ANDREW S. BOUTROS
JOHN R. SCHLEPPENBACH
Attorneys for Defendant

27

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

    v.

VORTEX COMMERCIAL
FLOORING, INC.

No. 19-CR-917

Judge Andrea R. Wood

**RESOLUTION OF THE BOARD OF DIRECTORS**

Page intentionally left blank.

1

**Vortex Commercial Flooring, Inc.**
**BOARD RESOLUTION**

At the meeting of the Board of Directors of Vortex Commercial Flooring, Inc. ("Vortex") held on May 4, 2021, the Board:

RESOLVED, that the execution, delivery and performance of the Plea Agreement between the United States Department of Justice and Vortex, in case number 19 CR 917 (N.D. Ill) (Wood, Judge), is hereby approved;

RESOLVED, that Mr. Delmar E. Church, Jr., President, is authorized, empowered, and directed to execute and deliver the Plea Agreement in the name and on behalf of Vortex; and

RESOLVED, that Mr. Delmar E. Church, Jr., and in case of his unavailability, outside counsel for Vortex, is authorized, empowered, and directed to represent Vortex before any court or governmental agency in order to make statements and confirmations in accordance with the Plea Agreement, including entering a guilty plea on behalf of Vortex.

**CERTIFICATION**

I, Delmar E. Church, Jr., President of Vortex Commercial Flooring, Inc. ("Vortex"), a company organized and existing under the laws of the State of Illinois, do hereby certify that the foregoing resolution adopted by the Board of Directors of Vortex at a meeting of the Board of Directors held virtually on May 4, 2021, and in accordance with its By-Laws, are true and correct and complete and that said resolution has not been amended, modified or repealed, and remains in full force and effect, as of the date hereof.

Signed this 4th of May, 2021 by:

Delmar E. Church, Jr.
President
Vortex Commercial Flooring, Inc.